IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RENE FLORES** | : |
| **PLAINTIFF,** | : |
| VS. | : CASE NO: 1:23-CV-12604-JEK |
| **FIRST CAMBRIDGE REALTY** | : |
| **CORPORATION,** | : |
| **DEFENDANT.** | : |

## REQUEST FOR JUDICIAL NOTICE

AND NOW, comes the Plaintiff, Rene Flores, by and through himself, *pro se*, to file the instant request for judicial notice and in support thereof avers as follows:

## I. INTRODUCTION

1. The Plaintiff hereby files the instant request for judicial notice seeking to have the Court take notice of the Probable Cause Finding issued by the Commonwealth of Massachusetts Commission Against Discrimination as evidence in support of the Plaintiff's motion for partial judgment on the pleadings.

## II. LEGAL STANDARDS

2. The Court is permitted to take notice of public records as described in Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000), see also In re ATI Tech., Inc. Sec. Litig., 216 F.Supp.2d 418, 430 (E.D.Pa. 2002)

3. Federal Rule of Evidence 201, et seq. is the cornerstone of judicial notice, and it states, in relevant part: Judicial Notice of Adjudicative Facts - F.R.E. 201(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

4. Should a document be judicially noticed, said document "may only be considered for the limited purpose of showing that a particular statement was made by a particular person" and not "for the truth of the matters purportedly contained within those documents." Oran at 289 (quoting Kramer v. Time Warner, 937 F.2d 767, 774 (2d Cir. 1991)).

5. Courts have held "public records" to include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, or any "concededly authentic document upon which the complaint is based . . ." Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

6. Additionally, courts have found public disclosure documents required by law to be filed with the SEC are capable of judicial notice (Kramer v. Time Warner, 937 F.2d 767, 774 (2d Cir. 1991)), as well as opening and closing stock prices (Ieradi v. Mylan Labs., 230 F.3d 594, 600 n.3 (3d Cir. 2000)).

## III. STATEMENT OF RELEVANT FACTS

7. The Plaintiff initiated the instant action against the Defendant by way of discrimination in housing in violation of federal and state law violation as well as other relevant torts and claims thereby giving rise to the commencement of this legal action.

8. On March 31, 2023, Plaintiff Rene Flores filed a complaint with the Massachusetts Commision Against Discrimination (MCAD) alleging that the Defendant First Cambridge Realty

Corporation discriminated against him based on his race and color in violation of M.G.L. c. 151 B, Section 4, Paragraph 6, 7B and Title VIII of the Civil Rights Act of 1968 as amended. The complaint was sent to HUD for dual-filing because the acts alleged fall under the jurisdiction of Title VIII. The subject property is located at 27 Herrick Road, in Newton, Massachusetts.

9. The Massachusetts Commission Against Discrimination (MCAD) found that the Plaintiff established a *prima facie* case of discrimination based on race and color; the Complainant is a member of the protected classes by virtue of his race and identifying themselves as Hispanic. Plaintiff was qualified to rent and alleged that he was subject to adverse actions when Defendant's Administrative Assistant Pelinda McMillian told Plaintiff that if he is Hispanich that he should not be living in Newton and that the citizenship questionnaires were being used to discourage the Hispanic community or people with low income living in Newton. Plaintiff also alleges that the Defendant further subjected him to an adverse action when the Defendant sent the Plaintiff a rental application with a citizenship questionnaire which asked for his citizenship status.

10. On June 29, 2023, a witness submitted an affidavit signed under the penalties of perjury to the Commission which confirmed that Pelinda McMillian made the discriminatory statement alleged in this complaint.

11. Based on the totality of the evidence, the investigation revealed sufficient evidence upon which a fact finder could form a reasonable belief that is more probable than not that the Defendant committed an unlawful practice in violation of state and federal laws prohibiting discrimination in the context of housing.

## IV. QUESTION PRESENTED

12. Should Plaintiff's Request For Judicial Notice Be GRANTED?

(Suggested Answer: Yes)

## V. ARGUMENT

13. The federal rules are clear that the Court is permitted to take notice of public records as described in Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000), see also In re ATI Tech., Inc. Sec. Litig., 216 F.Supp.2d 418, 430 (E.D.Pa. 2002).

14. Furthermore, Courts have held "public records" to include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, or any "concededly authentic document upon which the complaint is based . . ." Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

15. In the instant matter, the public record sought to be judicially noticed and recognized is the decision of the government agency; the Massachusetts Commision Against Discrimination (MCAD).

16. Therefore, the request for judicial notice is proper pursuant to the standards enumerated in Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

17. The use of the findings of the Massachusetts Commision Against Discrimination (MCAD) are not presented for the purposes of the truth of the facts contained therein but rather as an accurate and comprehensive summary of the allegations pertaining to the instant matter and evidence existing in support of the same.

18. Judicial notice of this indisputable document allows the Court to obtain an unbiased and objective recitation of the facts pertaining to the instant matter from an independent administrative body for the purposes of determining the motion for partial judgment on the pleadings filed in the instant matter.

## VI. CONCLUSION

WHEREFORE, based on the foregoing, it is hereby respectfully requested that this request for judicial notice be GRANTED for the reasons set forth herein.

DATED: December 26, 2023                                  Respectfully Submitted,

*[signature]*